IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH W. DENAN, ADRIENNE L. PADGETT, individually and on behalf of persons similarly situated, | ) ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 18 C 5027 |
| v. | ) ) | Judge Virginia M. Kendall |
| TRANS UNION, LLC, | ) ) ) | |
| *Defendant*. | ) | |

# **ORDER**

This case presents the question of whether the Fair Credit Reporting Act (FCRA) requires consumer reporting agencies ("CRAs") to determine the legal accuracy of the debts they report. The Seventh Circuit having just answered that question in the negative, the Court grants Trans Union's motion for judgment on the pleadings (Dkt. 26) with prejudice because Denan and Padgett cannot amend their complaint a second time to allege that their credit reports contain *factually* inaccurate information.

Plain Green loaned Joseph Denan and Adrienne Padgett $1,600 each in 2017 and 2018, respectively. (Dkt. 50 ¶¶ 14, 43.) Great Plains, for its part, loaned Padgett $900 in 2016. *Id.* ¶ 49. Sometime thereafter, both individuals stopped paying down their loans and the lenders consequently reported to Trans Union that the accounts were past due. *Id.* ¶¶ 22, 57, 61. In 2018, Denan disputed the accuracy of his credit report with Trans Union because he believed the loan was invalid and there was no legal obligation for him to repay it. *Id.* ¶¶ 30. After receiving Denan's correspondence, Trans Union investigated the matter and concluded its process by informing Denan that it verified that the information was accurate. *Id.* ¶¶ 31–33.

In this federal lawsuit, Denan and Padgett claim their credit reports were inaccurate because the loans were "void and uncollectible" under New Jersey and Florida law. *Id.* ¶¶ 25, 63. Trans Union moved for judgment on the pleadings (Dkt. 26) arguing that the FCRA does not obligate credit bureaus to resolve a consumer's

dispute regarding the legal validity of a debt (Dkt. 27).[1] Denan and Padgett responded (Dkt. 35) contending that the FCRA mandates a reasonable screening process that verifies business licenses and checks for illegal or unethical business history. Trans Union then replied (Dkt. 36) that Denan and Padgett must allege factual inaccuracies in their credit reports to state their claims under the FCRA.

"The standard for entering judgment on the pleadings is the same as that for dismissing a complaint for failure to state a claim: 'the complaint must state a claim that is plausible on its face.'" *Armada (Singapore) PTE Ltd. v. Amcol Int'l Corp.*, 885 F.3d 1090, 1092 (7th Cir. 2018) (quoting *St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016)).

The FCRA charges CRAs with duties to prepare credit reports utilizing "reasonable procedures to assure maximum possible accuracy of the information concerning the individual to whom the report relates." 15 U.S.C. § 1681e(b). Should a consumer dispute information in her report, the Act also demands CRAs to conduct "a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." *Id.* § 1681i(a)(1)(A). To state a claim under either of the foregoing provisions, then, a consumer must sufficiently allege that her credit report contains inaccurate information. *See Wantz v. Experian Info. Servs.*, 386 F.3d 829, 834 (7th Cir. 2004); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). This is an independent and threshold element that must be met before even reaching the issue of whether Trans Union's procedures were reasonable. *See Henson*, 29 F.3d at 284.

In *Humphrey v. Trans Union LLC*, the Court of Appeals affirmed the district court's grant of the CRAs' joint motion for judgment on the pleadings because the plaintiff's complaint failed to allege a factual inaccuracy in his credit report. *See* No. 18-1584, 2019 WL 125667, at *3 (7th Cir. Jan. 8, 2019).[2] In that case, the plaintiff alleged that his disability-discharge applications obviated the need for him to pay down his student loans. *See id.* That determination, the Court stated, was a legal one, and "CRAs are not a tribunal sitting to resolve legal disputes." *Id.* The Court went one step further and adopted the reasoning of *DeAndrade v. Trans Union LLC*, 523 F.3d 61 (1st Cir. 2008)—relied on by Trans Union here—in ruling that "a consumer may not use the Fair Credit Reporting Act to collaterally attack the validity of a debt by challenging a CRA's reinvestigation procedure." *Id.*

In this case, the information the CRAs reported about the plaintiffs' loans was accurate because it "did not state any factual deficiency that could have been resolved

---

[1] At the 1/29/2019 motion hearing, the parties agreed that the Court should apply Trans Union's motion for judgment on the pleadings (Dkt. 26) to the plaintiffs' amended complaint (Dkt. 50). (Dkt. 55.) Since then, the plaintiffs filed a corrected amended complaint (Dkts. 56–57); however, as before, the new pleading did not moot Trans Union's motion.

[2] Although nonprecedential, the court's analysis is persuasive, and it clearly applies here.

by a reasonable reinvestigation" conducted by Trans Union. *DeAndrade*, 523 F.3d at 68. Whether the loans here were void and uncollectible under state usury law is "a legal question beyond the scope of a reasonable reinvestigation." *Humphrey*, 2019 WL 125667 at *3. Moreover, this is only one of many complex legal issues that the plaintiffs call on Trans Union to resolve. (Dkt. 27 at 9–13.) The fact of the matter is that the FCRA does not impose upon Trans Union the duty to determine the legal validity of the plaintiffs' loans. Instead, that is the job of the judiciary in the first instance. Should the plaintiffs wish to challenge their debts, the courts are stop number one on their quest.

The plaintiffs' arguments fail to surmount the hurdle of straightforwardly applying *Humphrey* to the facts of this case. First, the plaintiffs purportedly hang their hats on *Henson*, however that case regulates a CRA's procedures, *not* the accuracy of the information a CRA reports. *See Henson*, 29 F.3d at 285. That case is therefore inapposite to Trans Union's motion to dismiss, which asserts that the plaintiffs neglected to allege that their credit reports were factually inaccurate. Second, notice of government investigations and enforcement actions[3] likewise concern the reasonableness of Trans Union's procedures, *not* any factual inaccuracies in their credit reporting. Again, prior to arriving at the process question, a court must first answer whether the plaintiff sufficiently alleged a factually inaccuracy; Denan and Padgett plainly did not.

Until a formal adjudication invalidates the plaintiffs' loans, they cannot sue credit bureaus under the FCRA because they cannot allege factual inaccuracies in their credit reports. The Court accordingly grants Trans Union's motion (Dkt. 26) with prejudice and enters judgment in its favor.

_____
Virginia M. Kendall
United States District Judge

Date: February 22, 2019

---

[3] These investigations and enforcements occurred in New York and Connecticut, not in New Jersey and Florida, where the plaintiffs reside. (Dkt. 36 at 8–11.)